THE STATE *( Chaffee, Com. ) v.* LEANDER W. DUNWELL.

What is the boundary line of the State, is a political question, with which the Courts will not intermeddle.

The Courts are bound to take cognizance of the boundaries in fact claimed by the State.

[Present—STAPLES, C. J. and Associates BRAYTON and SHERMAN.].

THE defendant was adjudged guilty by the Court of Magistrates of the city of Providence, upon a complaint on behalf of the State, that on the 3d of September, 1852, he " did take oysters from the free and common fisheries of this State, to wit: in Seekonk River, so called," against the statute, and sentenced to pay a fine of $20 and costs. From this judgment he appealed to the Court of Common Pleas, where counsel, retained and instructed by the Executive of the Commonwealth of Massachusetts, appeared on his behalf, and assumed the defence of the complaint. At the trial in the Common Pleas, the Court refused to instruct the jury as requested by the counsel, and the defendant was found guilty. Defendant's counsel thereupon excepted to the rulings of the Court, and filed his exceptions in this Court, at the March Term, 1853, grounding thereupon a motion for a new trial. The motion was continued from term to term, at the request of defendant's counsel, upon the suggestion that the question arising in the case was

one in relation to which a negotiation was pending between the State authorities of Massachusetts and Rhode-Island, and that probably one result of that negotiation would be a discontinuance of the complaint aforesaid, by order of the General Assembly of the latter State. At the present term, however, a further continuance, which was asked by the defendant's counsel, and opposed by the Attorney General, the Court refused to grant.

Of the three exceptions filed, the defendant's counsel at the hearing, withdrew two, insisting upon the first only, which was, that the Court of Common Pleas, did not, as requested, instruct the jury, " that if the oysters were taken by the defendant in Seekonk River, east of the middle line thereof, they were not taken in this State, and the defendant is not guilty."

*Farnsworth* for the defendant and the Commonwealth of Massachusetts.

*Robinson, Attorney General,* for the State.

STAPLES, C. J. This exception assumes to bring in question the eastern boundary line of this State. Where that line is, *de jure,* is a political question, with which the Courts of the State will not intermeddle. Sufficient for them is it that the State has always claimed jurisdiction up to and " along the easterly side or bank" of the Seekonk river, and exercised it in fact. The Courts are bound to take cognizance of the boundaries in fact claimed by the State.

This exception is therefore overruled.